**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:10-cr-136 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| RONNIE S. SMITH | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of plaintiff United States of America (the "government") for an order authorizing payment from an inmate trust account. (Doc. No. 192.) By this motion, the government requests that the Bureau of Prisons be directed to turn over to the government the full amount of the inmate trust account of defendant Ronnie S. Smith ("Smith"), minus $300.00, toward satisfaction of Smith's remaining restitution balance. Smith oppose the motion. (Doc. No. 194 (Response).)

On July 25, 2017, following remand for resentencing, the Court sentenced Smith to a term of imprisonment of 115 months. (Doc. No. 180 (Amended Judgment).) As part of his sentence, Smith was ordered to pay restitution in the amount of $33,823.80 and a payment plan was established. (*Id*. at 6.) The Amended Judgment provided, however, that "[n]otwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant[.]" (*Id*.) The Amended Judgment also contained a financial windfall provision that provided that "[t]he defendant shall apply all monies received

from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to the outstanding court-ordered financial obligations." (*Id*. at 5.) The restitution balance remaining due, as of April 29, 2021, is $975.34.

The government represents that, as of April 30, 2021, Smith has a balance of approximately $1,159.63 in his inmate trust account. Smith concedes that these funds constitute stimulus payments issued to citizens in response to the COVID-19 pandemic. (Doc. No. 192 at 2; Doc. No. 194 at 1.) The Court finds that these funds represent a windfall that are recoverable under 18 U.S.C. § 3664(n).[1] Federal courts, including courts within this judicial district, have applied § 3664(n) to motions seeking to recover COVID-19 stimulus payments issued to federal prisoners. *See, e.g., United States v. Lassiter*, No. 13-cr-20476, 2021 WL 486611, at *3 (E.D. Mich. Feb. 10, 2021); *United States v. Debolt*, No. 3:13-cr-134, 2021 WL 378361, at *2 (N.D. Ohio Aug. 23, 2021) (Carr, J.); *United States v. Bazazpour*, No. 4:08-cr-171, 2021 WL 2980679, at *2 (N.D. Ohio July 14, 2021) (Pearson, J).

Accordingly, and for the foregoing reasons, the Court GRANTS the government's motion. The Court hereby ORDERS that the Bureau of Prisons issue a check, made payable to the United States District Court Clerk, and mail it to 801 West Superior Avenue, 1-127, Cleveland, Ohio 44112, in the full amount of the funds, minus $300.00 that will remain in said

---

[1] To the extent Smith argues that these fund are exempt from government seizure because they fall within the exemption contained in 18 U.S.C. § 3613(a)(1) for funds set aside for judgments for support of minor children, the Court notes Smith's judgment does not set aside any monies for child support. (Doc. No. 194 at 1; *see* Doc. No. 180.)

account for Smith's miscellaneous expenses, to the Clerk of Court to be applied towards Smith's debt.

**IT IS SO ORDERED**.

Dated: December 3, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**